83 F.3d 426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Roberto ALVAREZ-VILLALTA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70897.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 24, 1996.
 
 1
 Before: WIGGINS, NORRIS, Circuit Judges, and JONES,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Alvarez-Villalta, a native of Nicaragua, petitions for review of the Board of Immigration Appeal's (BIA) dismissal of an appeal from the Immigration Judge's denial of his application for asylum and withholding of deportation. Alvarez-Villalta argues that the BIA's decision that he lacked a reasonable and well founded fear of persecution upon returning to Nicaragua is unsupported by substantial evidence. He also argues that he has made a sufficient showing of past persecution either to entitle him to a presumption that he has a well founded fear of persecution in the future or to obviate the need for him to demonstrate a fear of future persecution.
 
 
 4
 We have jurisdiction to review the BIA's decision pursuant to 8 U.S.C. § 1105(a). Because the BIA conducted a de novo review of the record, our review is limited to the decision of the BIA except to the extent that the Immigration Judge's opinion is expressly adopted by the BIA. Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995). The BIA's factual determinations that petitioner did not demonstrate a well founded fear of persecution or the existence of past persecution are reviewed for substantial evidence. Id. at 1429; Ubau-Marenco v. INS, 67 F.3d 750, 754 (9th Cir.1995). Under the substantial evidence standard we defer to the BIA's factual findings unless the evidence presented by petitioner is so compelling that no reasonable factfinder could fail to find otherwise. Ubau-Marenco, 67 F.3d at 754 (citing INS v. Elias-Zacharias, 505 U.S. 478, 481 (1992)).
 
 
 5
 Alvarez-Villalta argues that he is a "refugee" within the meaning of section 101(a)(42)(A) of the Immigration and Nationality Act (Act), 8 U.S.C. § 1101(a)(42)(A). A refugee is an alien unwilling to return to his or her country of origin "because of persecution or a well-founded fear of persecution" on account of several named bases, including, relevant to this case, "membership in a particular social group or political opinion." Id. There is both an objective and subjective component to a showing of a well founded fear of persecution. Ghaly, 58 F.3d at 1428. "The objective component requires a showing by credible, direct and specific evidence in the record, of facts that would support a reasonable fear of persecution." Id. (quoting Arriago-Barrientos v. INS., 925 F.2d 1177, 1178-79 (9th Cir.1991). To obtain a withholding of deportation, Alvarez-Villalta would have to establish that there was a clear probability of persecution. INS v. Stevic, 467 U.S. 407 (1984). The BIA found that Alvarez-Villalta did not have well founded fear of persecution, that there was not a clear probability of future persecution, and that he was not subjected to past persecution. We hold that this finding is supported by substantial evidence.
 
 
 6
 Alvarez-Villalta argues that he has established a well founded fear of persecution based on the following facts. His extended family members were active in their support of the Somoza government while it was in power. In 1979, after the Sandinistas came to power, his uncle and his brother in law were imprisoned for lengthy terms because they had been in Somoza's military. While working as a customs official, Alvarez-Villalta was detained for eight days because he was suspected of taking bribes in connection with his customs position, but was then released without charges being brought. Further, Alvarez-Villalta complains that he was treated more harshly than others regarding mandatory military service, such as being sent to the front and being made to complete extensive service as a member of the reserves. Alvarez-Villalta's explanation of the basis for his fear of future persecution is very vague and speculative. He explained to the Immigration Judge that he feared being jailed for a fabricated crime if he were to return to Nicaragua and were to participate in political activity against the Sandinistas.
 
 
 7
 Balanced against the assertion of past persecution are the facts (1) that Alvarez-Villalta was given privileges, such as permission to attend the university and then hold a job in the Sandinista government, as a customs official, and (2) when asked was given special dispensation from the reserve duty requirements asked of him. Balanced against his assertion of fear of future persecution are the facts (1) that the Sandinistas are no longer in power in Nicaragua, (2) that the record contain no reports of false arrests as Alvarez-Villalta fears since the change in the government, and (3) that even if there were a chance of false arrest based on political opposition activities, in the past Alvarez-Villalta decided to comply with the requirements of the Sandinista government in order to avoid persecution, and there is no reason to believe that he would change his behavior upon return to Nicaragua.
 
 
 8
 Based on the above, we agree that substantial evidence supports the finding that Alvarez-Villalta does not have a well founded fear of persecution and that he did not suffer past persecution, as well as the finding that Alvarez-Villalta did not establish a clear probability of persecution in support of his request for withholding of deportation.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Napoleon A. Jones, Jr., United States District Judge, Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3